UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

| | | |
|---|---|---|
| **ROBERT LACOVARA and MELISSA** | : | Case No. 10 CV 7821 (PKC) |
| **QUESINBERRY, on behalf of themselves** | : | |
| **and all others similarly situated,** | : | **ANSWER TO THE** |
| | : | **FIRST AMENDED** |
| **Plaintiffs,** | : | **CLASS ACTION** |
| | : | **COMPLAINT** |
| | : | |
| **-against-** | : | |
| | : | |
| **HARD ROCK CAFÉ INTERNATIONAL (USA)** | : | |
| **INC., et. al.,** | : | |
| **Defendants.** | | |

------------------------------------------------------------------ X

    Defendants Hard Rock Café International (USA), Inc. and Hard Rock Café International (STP), Inc. (hereinafter "Defendants"), by their attorneys Greenberg Traurig, LLP, hereby answer the First Amended Class Action Complaint ("the Amended Complaint") of Robert Lacovara and Melissa Quesinberry ("Plaintiffs"), in the same numbered paragraph order as the allegations therein appear, as follows:

## NATURE OF THE ACTION

    1.    As and for its answer to paragraph 1 of the Amended Complaint, deny the allegations therein, except admit that Defendants are subsidiaries of a global entity that licenses, franchises, owns, operates and/or manages restaurant, hotel, and casino locations around the world under the HARD ROCK Family of Trademarks.

    2.    As and for its answer to paragraph 2 of the Amended Complaint, deny the allegations therein, except admit that Defendants currently operate, own, manage, license and/or franchise 45 restaurants in 27 states, including the District of Columbia, in eight regions or areas of operations in the United States.

*NY 240,925,828v1*

3.      Deny the allegations contained in paragraph 3 of the Amended Complaint except admit that Defendants host private functions at their New York locations.

4.      Deny the allegations contained in paragraph 4 of the Amended Complaint.

5.      Deny the allegations contained in paragraph 5 of the Amended Complaint.

6.      Admit so much of paragraph 6 of the Amended Complaint as describes the nature of the complaint, but denies that the allegations therein have any merit.

7.      Admit so much of paragraph 6 of the Amended Complaint as describes the nature of the complaint, but denies that the allegations therein have any merit.

## THE PARTIES

**Plaintiffs**

**Robert Lacovara**

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8 of the Amended Complaint as relates to Lacovara's place of residence, but admit the balance thereof.

9.      Admit the allegation contained in paragraph 9 of the Amended Complaint.

10.     Admit the allegation contained in paragraph 10 of the Amended Complaint.

**Melissa Quesinberry**

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Amended Complaint as relates to Quesinberry's place of residence, but admit the balance thereof.

12.     Admit the allegations contained in paragraph 12 of the Amended Complaint.

13.    Admit the allegations contained in paragraph 13 of the Amended Complaint.

**Defendants**

**Hard Rock Café International (USA), Inc.**

14.    Admit the allegations contained in paragraph 14 of the Amended Complaint.

15.    Admit the allegations contained in paragraph 15 of the Amended Complaint.

16.    Admit the allegations contained in paragraph 16 of the Amended Complaint.

17.    Admit the allegations contained in paragraph 17 of the Amended Complaint.

**Hard Rock Café International (STP), Inc.**

18.    Admit the allegations contained in paragraph 18 of the Amended Complaint.

19.    Deny the allegations contained in paragraph 19 of the Amended Complaint.

20.    Deny the allegations contained in paragraph 20 of the Amended Complaint.

21.    Deny the allegations contained in paragraph 21 of the Amended Complaint.

## JURISDICTION AND VENUE

22.     Paragraph 22 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 23 of the Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Deny the allegations contained in paragraph 25 of the Amended Complaint, except that Hard Rock Café International (USA) is a citizen of Florida.

26.     Admit the allegations contained in paragraph 26 of the Amended Complaint.

27.     Deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Paragraph 29 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 29.

## CLASS ACTION ALLEGATIONS

30.     Paragraph 30 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 30.

31.     Admit the allegations contained in paragraph 31 of the Amended Complaint.

32.     Deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     Deny the allegations contained in paragraph 33 of the Amended Complaint.

34.     Deny the allegations contained in paragraph 34 of the Amended Complaint.

35.     Deny the allegations contained in paragraph 35 of the Amended Complaint.

36.     Deny the allegations contained in paragraph 36 of the Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.     Deny the allegations contained in paragraph 38 of the Amended Complaint.

39.     Deny the allegations contained in paragraph 39 of the Amended Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

40.     Deny the allegations contained in paragraph 40 of the Amended Complaint.

41.     Deny the allegations contained in paragraph 41 of the Amended Complaint.

42.     Deny the allegations contained in paragraph 42 of the Amended Complaint.

43.    Deny the allegations contained in paragraph 43 of the Amended Complaint.

44.    Deny the allegations contained in paragraph 44 of the Amended Complaint.

45.    Deny the allegations contained in paragraph 45 of the Amended Complaint.

## PLAINTIFFS' FACTUAL ALLEGATIONS

46.    Deny the allegations contained in paragraph 46 of the Amended Complaint.

47.    Deny the allegations contained in paragraph 47 of the Amended Complaint.

48.    Deny the allegations contained in paragraph 48 of the Amended Complaint.

49.    Deny the allegations contained in paragraph 49 of the Amended Complaint.

50.    Deny the allegations contained in paragraph 50 of the Amended Complaint.

## CAUSE OF ACTION

51.    As and for their answer to paragraph 51 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 50 of the Complaint as set forth herein.

52.     Deny the allegations contained in paragraph 52 of the Amended Complaint, except admit that Lacovara and Quesinberry were employees subject to the New York Labor Law while employed by Defendants.

53.     Admit so much of the allegations contained in paragraph 53 of the Amended Complaint as states that Defendants were subject to New York Labor Law for those employees employed at their New York locations.

54.     Admit so much of paragraph 54 of the Amended Complaint as states that the New York Labor Law provisions relating to wage payment applied to plaintiffs during their employment with Defendants in New York, but denies the balance thereof.

55.     Deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     Deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     Deny the allegations contained in paragraph 57 of the Amended Complaint.


## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief clause contains Plaintiffs' request for relief to which no responsive pleading is required.  To the extent that a responsive pleading is required, Defendants deny the allegations set forth in the Prayer for Relief clause, and deny that Plaintiffs or any person purported to be represented are entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to the claims asserted in Plaintiffs' Complaint.

1.      The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Defendants.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrines of laches, waiver, and estoppel.

4.      Plaintiffs' claims are barred by prior compromise and settlement, accord and satisfaction, acquiescence, or setoff.

5.      Plaintiffs have failed to take reasonable steps to mitigate damages and may not recover damages that which could have been avoided.

6.      The Court lacks subject matter jurisdiction over plaintiffs' state law claims.

7.      The payment of an administrative fee is not a "tip" as defined by New York State labor law.

8.      Plaintiffs have been paid all compensation and monies due and owed for all work performed.

9.      Plaintiffs' claims are barred to the extent they seek duplicative relief or amounts seeking more than a single recovery.

10.     Defendants' alleged violations of any state laws or regulations were not intentional or willful.

11.     Plaintiffs and those allegedly similarly situated are not entitled to recover liquidated damages because Defendants at all time acted in good faith and with reasonable grounds for believing that it had not violated the New York State Labor Law.

12.     At all times relevant to this action, Defendants acted lawfully and in good faith and without intent to deny the Plaintiffs any rights under state law.  Defendants deny the allegations of unlawful conduct as set forth in the Complaint, and had reasonable grounds for believing that the acts or omissions alleged were not violative of any law.

13.     Plaintiffs lack standing and are not adequate representatives for the putative class action.

14.     Plaintiffs do not meet the requirements for certification of a class action under Rule 23.

15.     Plaintiffs may not maintain a Rule 23 class action while seeking punitive damages under New York Labor Law.

16.     Adjudication of Plaintiffs' claims as a class action would violate Defendants' rights to due process, and therefore such claims are barred by the Rules Enabling Act, 28 U.S.C. § 2072.

At this point, discovery in this action has not been commenced or accomplished in any fashion and, as such, Defendants hereby reserve the right to amend its answer with additional facts, issues, and additional affirmative defenses should any arise during the course of discovery.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint with prejudice and awarding costs, reasonable attorney's fees, and such other and further relief as the Court may deem just, equitable, and proper.

Dated: New York, New York
February 22, 2011

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: _____
Jonathan Sulds (JS-4674)
Jerrold F. Goldberg (JG-7471)

200 Park Avenue
MetLife Building
New York, New York 10166
(212) 801-9200

*Attorneys for Defendants*