UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT LACOVARA and
MELISSA QUESINBERRY, on behalf of
themselves and all others similarly situated,

                            Plaintiffs,

      -against-

HARD ROCK CAFE
INTERNATIONAL (USA), INC., et al.,

                            Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-12

10 Civ. 7821 (PKC)

MEMORANDUM AND ORDER

CASTEL, District Judge:

        On February 17, 2012, this Court granted final approval of a class action settlement of an action brought under New York State Labor Law, Article 6, alleging an unlawful failure to pay certain gratuities to food and beverage workers who worked on an hourly wage basis at private events held at New York facilities operated by Hard Rock Cafe International (USA), Inc. ("Hard Rock Cafe"). In seeking final approval, class counsel sought "service awards" of $3,500 and $2,500 to Robert Lacovara and Melissa Quesinberry, the class representatives. In a thoughtful letter brief, class counsel has timely moved for reconsideration of the denial of service awards and the award of 20% of the settlement fund to class counsel, despite a request for 33%. For reasons that will be explained, upon reconsideration, this Court adheres to its prior rulings.

DIFFERENTIAL PAYMENTS TO CLASS REPRESENTATIVES

        In seeking a differential payment for the two class representatives, class counsel has submitted a declaration in which she notes that Lacovara and Quesinberry performed significant services to the class by (1) providing information about the defendants' mandatory

gratuity and tip allocation policies; (2) producing relevant documents; (3) regularly communicating with class counsel; (4) referring putative class members to class counsel; and (5) reviewing the terms of the settlement. (Bien Decl. ¶¶ 28-31.) Counsel also notes that that the two class representatives have "sustained significant risk in finding future employment in the New York restaurant industry" and that no class member has objected to the proposed awards. (Id. at ¶¶ 28 & 31.)

In denying the application for a differential payment to the class representatives in this action, the Court relied in part on its opinion in Silberblatt v. Morgan Stanley, 524 F. Supp.2d 425, 435 (S.D.N.Y. 2007), in which it wrote:

> Absent class members are entitled to repose confidence and trust in a class representative to pursue claims with diligence and refrain from proposing a settlement which is unreasonably low. This confidence derives in large measure from knowing that the class representative stands in the same shoes as all other members of the class. If the class does well, the class representative will do well in the same proportion to others.

The Court also acknowledged that payments to class representatives are not foreclosed, but should be closely scrutinized. Id. (citing Weseley v. Spear, Leeds & Kellogg, 711 F.Supp. 713, 720 (E.D.N.Y.1989) (Nickerson, J.)). Among the circumstances that justify such an award are "lost wages, vacation time or commissions from sales because of time spent at depositions or other proceedings," "a demonstrable risk of employer retaliation" or the impairment of future employability. Id. "A balance must be struck so that a class representative does not view his prospect for rewards as materially different from other members of the class, yet is not disadvantaged by his service in pursuing worthy claims." Id.

Here, there is no claim that either named plaintiff lost wages, tips, jobs or vacation time as a result of their participation in the action. Neither has claimed out-of-pocket

loss.

Class counsel forcefully argues that differential payments to class representatives in wage-and-hour disputes are justified because (1) there is a greater concern that the defendant-employer will retaliate against the incumbent employees who bring a class claim; and (2) the monetary incentive to bring such a claim would not be sufficiently great without a differential payment. As to the first point, plaintiff Lacovara states in an unsworn letter that was first submitted on the motion to reconsider: "[w]hen I began raising questions about the mandatory gratuity policy that is the subject of the lawsuit, I started to feel that my job was in jeopardy and was ultimately let go." (Lacovara Letter of Feb. 22, 2012.) Subjective feelings of job jeopardy without objective support will rarely be sufficient to support an incentive fee. Moreover, according to the Amended Complaint, Mr. Lacovara ceased working for Hard Rock Cafe in June 2010 (Amended Complaint ¶ 9) but did not commence this action until October 12, 2010 (Docket # 1), months after he left defendants' employ. Similarly, plaintiff Quesinberry was no longer employed by defendant Hard Rock Cafe at the time the complaint was amended to add her as a plaintiff. (Amended Complaint ¶ 12.)

Wage-and-hour claims may be small on an individual basis, yet remedy an injustice to persons who can ill afford to be unlawfully underpaid. But it does not follow that "bonus payments," "incentive payments" or "awards" to class representatives are therefore justified. Here the claims of each class member range from $25 to $6,583.22, with a median recovery of $262.97. Lawyers for the class are important to the settlement process, but they are not the clients; they are agents of the clients. Ideally, class representatives, who <u>are</u> clients, should be steering the ship and protecting the class against unreasonably low settlements. A class representative who stands to gain a bonus of $2,500 to $3,500 -- an amount near or

greater than 10 times the median recovery -- is apt to be more concerned about the bonus than the size of the median recovery. Plaintiff has not shown that there is a dearth of potential claimants who would emerge if, but only if, they stood to gain a bonus payment.

The Court's prior ruling stands.

ATTORNEYS' FEES

At the settlement hearing, this Court reviewed on the record the factors that go into the attorneys' fee award, principally relying upon the teachings of the Circuit in Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), and Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2007). It examined the time and labor expended by counsel, the magnitude, complexities and risk of the litigation, the quality of representation, the requested fee in relation to the settlement and any relevant public policy considerations. The total settlement amount was $230,000, and despite a request for 33% of the total settlement amount, plaintiffs' counsel was awarded 20% of the settlement, plus expenses. Because the amounts sought and awarded were less than the lodestar, plaintiffs argue that "Class Counsel would have lost money prosecuting the case to a successful conclusion even if the Court had granted their request for an award of 33%." (Bien Letter, Feb. 22, 2012.)

True, as Abraham Lincoln is said to have remarked, "[a] lawyer's time and advice are his stock in trade." But with due respect to class counsel, the time recorded by a lawyer multiplied by her hourly rate is not money in the bank in the context of a class action. The failure to award at least the lodestar is not "lost money" in any out-of-pocket sense. The Court is not excused of its obligations under Rule 23(h), Fed. R. Civ. P. Although the lodestar acts merely as a cross-check against the reasonableness of a percentage-of-the-fund award,

4

Goldberger, 209 F.3d at 50, counsel has provided meager support for the claimed lodestar amount. At the settlement hearing, counsel only submitted a summary spreadsheet reciting attorney names, hourly rates and total hours spent. (Bien Dec. Ex. A.) Counsel's letter of February 22 attaches a summary spreadsheet along with particularized billing records for work performed in anticipation of the fairness hearing. (Feb. 22 Letter Ex. B.) The materials submitted provided an inadequate basis for the Court to place great weight on the lodestar as a valid cross-check against the percentage sought.

In awarding attorneys' fees in the class action context "the court is 'to act as a fiduciary who must serve as a guardian of the rights of absent class members." Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 249-50 (2d Cir.2007) (quoting City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1099 (2d Cir. 1977)). The issues presented in this case were relatively straightforward. No depositions were taken. Counsel did not submit meaningful information as to the relationship between potential recovery and the final settlement amount. This was essentially a negotiation – and the result reached on behalf of the class was a good one. The record nevertheless does not support an attorneys' fees award totaling one-third of the recovery.

The Court's prior ruling stands.

CONCLUSION

Upon reconsideration, the Court adheres to its prior rulings announced at the conclusion of the settlement approval hearing of February 17, 2012.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 24, 2012